```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| EMPLOYERS INSURANCE COMPANY OF WAUSAU, | Civ. Action No. 05-4900(NLH) |
| Plaintiff, |  |
| v. | **OPINION** |
| HARLEYSVILLE INSURANCE COMPANY OF NEW JERSEY, |  |
| Defendant. |  |

**APPEARANCES:**

Gregory E. Galterio, Esquire
Marshall T. Potashner, Esquire
Jaffe & Asher LLP
600 Third Avenue, 9th Floor
New York, NY 10016
*Attorneys for Plaintiff*

Karen A. Mascioli, Esquire
Mayfield, Turner, O'Mara, Donnelly & McBride, P.C.
2201 Route 38, Suite 300
Cherry Hill, NJ 08002-4309
*Attorney for Defendant*

**HILLMAN**, District Judge

      Before the Court is a motion for attorneys' fees filed by plaintiff Employers Insurance Company of Wausau ("Wausau"). Defendant Harleysville Insurance Company of New Jersey ("Harleysville") filed an opposition to Wausau's motion on the grounds that the hours expended and fees charged by Wausau's attorneys were not reasonable and that Wausau is not entitled to pre-judgment interest. For the reasons expressed below, Wausau's motion is granted in part and denied in part.

## I. BACKGROUND

Wausau filed an action against Harleysville seeking a declaration that Harleysville had a duty to defend and indemnify Wausau's insured in an personal injury action that was brought in New Jersey state court.[1] Wausau also sought reimbursement of its attorneys' fees and costs associated with defending the state court action as well as bringing this declaratory action. On August 26, 2008, this Court entered an Order granting Wausau's motion for summary judgment and denying Harleysville's motion for summary judgment. The Court determined that Wausau was entitled to be indemnified for the $30,000 it paid as part of the settlement in the underlying action, and was also entitled to be reimbursed for its attorneys' fees and costs associated with defending the state court action, as well as bringing this action. After entry of the Court's Order, Wausau submitted a proposed order for judgment and certification of attorneys's fees and costs associated with the underlying state court action.

Harleysville opposes Wausau's motion for attorneys' fees on the grounds that (1) the amount of time and hourly rate charged were unreasonable; and (2) that Wausau is not entitled to pre-judgment interest.

## II. STANDARD

"The party seeking attorneys fees has the burden of

---

[1] The background of this case was recited in the Court's earlier Opinions and will not be repeated here.

establishing the reasonableness of the fees sought and submitting evidence to support the rates and hours claimed." Microsoft Corp. v. United Computer Resources of New Jersey, Inc., 216 F.Supp.2d 383, 387 (D.N.J. 2002) (citing Hensley v. Eckerhart, 461 U.S. 424, 461 (1983)). Under Local Civil Rule 54.2, the attorney seeking reimbursement must file an affidavit with the Court containing: (1) the nature of the services rendered, the results obtained, any particular novelty or difficulty involved in the matter; (2) the dates of services; (3) a breakdown of the services rendered, the identity of the person providing the services, the professional experience of that person; (4) the time spent rendering the services; and (5) the normal billing rate for each person providing services. Id. (citing Local Civ. R. 54.2(a)).

The burden then shifts to the party opposing the fee application to contest, "... with sufficient specificity, the reasonableness of the hourly rate or the reasonableness of the hours expended." Id. (citations omitted). "If the party opposing the fee application meets its burden, the Court has wide discretion to adjust the attorneys' fee for inadequate documentation, duplication of effort, unreasonableness of hours expended, or lack of relation to the results obtained." Id. (citations omitted). "The Court may not, however, adjust the fee for reasons not raised by the objecting party." Id.

### III. DISCUSSION

#### A. Hours Expended by Jaffe & Asher, LLP

##### 1. Motion for Summary Judgment

Jaffe & Asher, LLP ("Jaffe & Asher") were counsel to Wausau in the declaratory judgment action. Harleysville argues that the amount of time billed for drafting and filing the motion for summary judgment, and for the renewed motion for summary judgment, was excessive. In particular, they argue that the 39.2 hours billed by Marshall T. Potashner, a partner with Jaffe & Asher, and the 65 hours billed by James L. Fuchs, senior attorney with Jaffe & Asher, for a total of 104.1 hours, was excessive, redundant and otherwise unnecessary.

Harleysville also argues that the hours billed for filing Wausau's renewed motion for summary judgment were excessive. Jaffe & Asher billed a total of 41.5 hours for refiling the motion, which includes Potashner's bill for 38.3 hours. Harleysville also argues that the descriptions for the time such as "worked on memo" are duplicative and lack specificity to determine if the hours expended are reasonable. They also argue that the 7.1 hours billed by Potashner for working on the "Dowlearn Affidavit" was excessive since the affidavit was merely supplementing the affidavit already drafted. By way of comparison, Harleysville states that their retained counsel billed a total of 123.4 hours during the entire course of

4

litigation while Jaffe & Ashher billed 145.6 for two motions, the second of which was a renewed version of the original motion.[2]

After reviewing the billing, the Court finds that the time Potashner billed for filing the renewed motion for summary judgment was excessive and redundant and, therefore, reduces the total time billed for revising and filing the renewed motion to 10.0 hours.  See Krueger Assoc., Inc. v. Am. Dist. Telegraph Co. of Pa., 247 F.3d 61, 69 (3d Cir. 2001) (affirming district court reduction of attorneys' fees by $90,255 for time spent in reviewing indemnification claim, time court considered excessive or redundant and expenses considered to be non-reimbursable overhead); Microsoft Corp., 216 F.Supp.2d at 389 (stating that a reduction for duplication of effort is appropriate only if attorneys are unreasonably doing the same work).  Thus, the total amount of time that Wausau can be reimbursed from Harleysville for these motions is 114.1 hours.

### 2. Motion to Vacate Stay

Harleysville contests the amount of time billed for preparing the motion to stay.  Potashner billed three hours, including an hour to prepare the proposed Order and Notice, and an associate billed .7 hours for review and filing of the documents.  Although Potashner's time spent may be on the high

---

[2] Jaffe & Asher did not file a reply brief to Harleysville's opposition to their motion for attorneys' fees.

side, we cannot say it is excessive. See Jama v. Esmor Correctional Serv. Inc., 549 F.Supp.2d 602, 612 (D.N.J. 2008)(concluding that the hours claimed were reasonable after reviewing objections and evidence). The associate's time appears reasonable. Id. Therefore, Wausau may seek reimbursement for 3.7 hours paid to Jaffe & Asher for the motion to vacate stay.

### 3. Pro Hac Vice Motions

Harleysville contends the 4.1 hours billed for filing a pro hac vice motion is excessive. The pro hac vice motion consisted of the notice, affidavit, certification and proposed order. The pro hac vice motion did not involve the filing of a legal brief or legal research and was generally a standard form motion. Cf. Microsoft Corp., 216 F.Supp.2d at 391 (reducing fee where attorneys previously litigated essentially identical cases and used prior arguments and judgments extensively in briefs). Such motions are normally saved on the firm's computers and updated as necessary. Thus, the Court finds that the 4.1 hours billed to be excessive and reduces the amount of time that Wausau is entitled to reimbursement to 2.0 hours for this motion.

### 4. Motion to Amend Complaint

Harleysville argues that the amount of time billed by Jaffe & Asher to prepare and file the motion to amend the complaint is excessive. This motion consisted of the notice of motion, attorney affidavit, three page memorandum of law and

6

proposed order. Given that the preparation of this motion included time spent working on a memorandum of law, the 5.3 hours expended appears reasonable. See Jama, 549 F. Supp. 2d at 612. Thus, Wausau may seek reimbursement for the amount of time billed by Jaffe & Asher for this motion.

### B. Billing Rates Charged by Jaffe & Asher

Harleysville argues that the rates charges by Jaffe & Asher are not consistent with rates in southern New Jersey. Potashner charged an hourly rate of $215.00 from September 2005 through and including February 2007, and then charged $225.00 from March 2007 through the pendency of the litigation. The hourly rate for all the other attorneys who worked on this matter was $195.00. Harleysville submitted the affidavit of Bruce Grocott, a litigation specialist in the claims department for Harleysville for 3.5 years who states that prior to March 1, 2008, the rate paid by Harleysville for attorneys located in the southern New Jersey region was $125.00 per hour for partners and $115.00 per hour for associates. This rate was raised after March 1, 2008 to $145.00 per hour for partners and $125.00 per hour for associates.

Wausau has the burden of proving that the hourly rate charged by its counsel is on par with the prevailing rates charged in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. Blum v.

7

Stenson, 465 U.S. 886, 889 n. 11 (1984) (stating that "[to inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence - in addition to the attorney's own affidavits - that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."). "A rate determined in this way is normally deemed to be reasonable, and is referred to - for convenience - as the prevailing market rate." Id.; Smith v. Philadelphia Housing Authority, 107 F.3d 223, 225 (3d Cir. 1997) (stating that a "reasonable hourly rate is calculated according to the prevailing market rates in the community.").

　　　　The Court finds that Wausau has not met its burden of showing that Potashner's hourly fee of $215.00, raised to $225.00 in March 2008, and the hourly fee of $195.00 billed for the other Jaffe & Asher attorneys is in line with the prevailing rates in the southern New Jersey legal community. Harleysville has submitted evidence that the rate it pays to lawyers in the southern New Jersey area is $125.00 per hour for partners and $115.00 per hour for associates, raised to $145.00 per hour for partners and $125.00 per hour for associates in March 1, 2008. In addition, Potashner's affidavit submitted in support of Wausau's motion states that the hourly fee paid to the law firm Styliades, Jackson and Dimeo ("SJ&D"), counsel originally

retained for the underlying state action, was $122.00 per hour for attorneys and $99.00 per hour for paralegals. The affidavit further states that due to a conflict, Wausau then retained the law firm of Martin, Gunn & Martin ("MG&M") to represent them in the underlying action and was billed $115.00 per hour, raised to $130.00 per hour, for partners and $100 per hour, raised to $115.00 for associates. Both SJ&D and MG&M are law firms located in southern New Jersey.³ Given the affidavit submitted by Harleysville as evidence of the prevailing market rate, as well as Wausau's declaration as to the hourly rate it paid to its counsel located in southern New Jersey for the underlying state case, the rate charged by Jaffe & Asher is above the prevailing market rate.⁴ Other than its own affidavit, Jaffe & Asher has

---

³ SJ&D appears to have changed its firm name to Styliades Jackson & Burghardt, and is located in Marlton, New Jersey. MG&M is located in Westmont, New Jersey.

⁴ In Planned Parenthood of Cent. NJ v. Attorney General of State of NJ, 297 F.3d 253, 265 n. 5 (3d Cir. 2002), the Third Circuit reiterated its holding that if "hourly rates are disputed, the district court must conduct a hearing to determine the reasonable market rates." (quoting Smith v. Philadelphia Housing Auth., 107 F.3d 223, 225 (3d Cir. 1997); citing Lanni v. State of NJ, 259 F.3d 146, 149 (3d Cir. 2001)). Here, Harleysville submitted evidence that the prevailing market rate is lower than what Jaffe & Asher charged. Jaffe & Asher do not dispute this evidence and in fact, the Potashner Affidavit states that lower rates were paid by Wausau to other firms in southern New Jersey in connection with the underlying state litigation. Since there is no dispute in the evidence over the prevailing market rate for southern New Jersey, there is no need to have a evidentiary hearing on this issue. See id. (stating that "[a] reasonable fee is one 'adequate to attract competent counsel, but which does not produce windfalls to attorneys.'")(citing PIRG v.

offered no other evidence that its higher rate is in line with those prevailing in the community. Accordingly, the Jaffe & Asher's rate will be reduced to $125.00 per hour for partners, $115.00 per hour for associates, and $100 per hour for any paralegal work. This rate is increased for worked performed on or after March 1, 2008 to $145.00 per hour for partners, $125.00 per hour for associates, and $110.00 for any paralegal work.[5]

Harleysville also argues that the majority of the work performed was done by Potashner, a partner at Jaffe & Asher, and that basic legal services should not be performed by senior attorneys at senior attorney rates. The Court agrees that work that can be performed by associates or paralegals should be delegated. See Microsoft Corp., 216 F.Supp.2d at 391 (stating "[i]t is well-settled in the Third Circuit that 'the wasteful use of highly skilled and highly priced talent for matters easily delegable to nonprofessionals or less experienced associates' will not be tolerated.") (citing Ursic v. Bethlehem Mines, 719 F.2d 670, 677 (3d Cir. 1983) for the "oft-repeated phrase ... Michelangelo should not charge Sistine Chapel rates for painting

---

Windall, 51 F.3d 1179, 1185 (3d Cir. 1995) (omitting other citation)).

[5] We do not hold that these rates are the "prevailing market rates" for southern New Jersey for all purposes or cases, only that these rates are reasonable based on the evidence before the Court for the work done in this case.

a farmer's barn."); Rainey v. Philadelphia Hous. Auth., 832 F.Supp. 127, 130 (E.D.Pa. 1993) (stating "[n]ormally, the higher the allowed hourly rate commanded based upon skill and experience, the shorter the time it should require an attorney to perform a particular task.").

Harleysville has not, however, provided the Court with specific references to the billing where the work performed by Potashner could have been done by an associate or paralegal at a reduced rate.  See Microsoft Corp., 216 F.Supp.2d at 391 (finding the opposing party must contest the reasonableness of the rate or hours expended "with sufficient specificity.").  Harleysville only states generally that a billing rate of $115.00 should be applied for research and preparation of affidavits and memoranda of law.  Given that Potashner's rate has been reduced and that Harleysville has not provided any specific examples where the work performed by Potashner should have been performed by an associate or paralegal, Potashner's billing hours will not be cut generally except where already specifically instructed in this Opinion, i.e., the renewed motion for summary judgment and pro hac vice motion.

### C. Hours Expended by Martin, Gunn & Martin

MG&M was counsel in the underlying state court action. Harleysville contests the amount of time spent by MG&M in the

11

underlying litigation.[6] They ask the Court to reduce the amount of time by 28.9 hours but provide no reasoning or law in support of their request. A review of the description of the work performed and the amount of time billed does not reveal that the time is unduly excessive. See Krueger, 247 F.3d at 69 (rejecting argument that district court abused its discretion by not reducing the award by a greater percentage where such "... ipse dixit is unaccompanied by any reasoned basis.") Therefore, the time expended appears reasonable and Wausau is entitled to reimbursement of the $31,185.29 paid to MG&M.

### D. Pre-judgment Interest

Wausau's application includes a request for pre-judgment interest on the $30,000 it paid toward the settlement in the underlying state court action, and on the attorneys' fees and costs it incurred in defending the underlying action. Harleysville argues that prejudgment interest under R. 4:42-11(b) is only allowed in tort actions and that in contract actions such as this, the award of prejudgment interest is up to the discretion of the Court. Harleysville also argues that under equitable principles, prejudgment interest should be denied because it denied coverage based on an unsettled question of

---

[6] Harleysville does not contest the hourly rates, $100 - $130 per hour, billed by Martin.

law.[7]

"Prejudgment interest in non-tort actions is not a matter of right but one based on equitable principles." Benevenga v. Digregorio, 737 A.2d 696, 700 (N.J.Super.A.D. 1999) (citing Bak-A-Lum Corp. v. Alcoa Building Prod., 351 A.2d 349 (N.J. 1976)).  "Generally, the equitable purpose of an award of prejudgment interest in a contract action is to compensate or indemnify the claimant for the loss of what the money due would presumably have earned if the payment had not been delayed." Taddei v. State Farm Indem. Co., 951 A.2d 1041, 1051 (N.J.Super.A.D. 2008) (citations omitted).[8]  In contract actions, "... an award of prejudgment interest based on 'the rate of return earned by the State Treasurer contemplated by R. 4:42-11(a)(ii)' is the appropriate one 'lacking unusual

---

[7] As more fully explained in the Court's earlier opinion, this case was stayed pending the state court's resolution of the underlying case and it's interpretation of the "ongoing operations" language contained in the policy.

[8] As stated in Casey v. Amboy Bancorporation, 2006 WL 2287024, at *37 (N.J.Super.A.D. Aug. 10, 2006):

> For tort judgments "not exceeding the monetary limit of the Special Civil Part at the time of entry, regardless of the court," prejudgment interest is to be awarded at the rate "for the corresponding fiscal year ... of the State of New Jersey Cash Management Fund," rounded to the nearest one-half percent. R. 4:42 11(a)(ii) and 11(b). That limit is currently $15,000. R. 6:1-2(a)(1). Prejudgment interest on larger tort judgments is to be at the cash-management fund rate "plus 2% per annum." R. 4:42-11(a)(iii) and -11(b).

circumstances.'" <u>DialAmerica Marketing, Inc. v. KeySpan Energy</u>, 865 A.2d 728 (N.J.Super.A.D. 2005).[9]

Here, the Court held in its earlier Opinion that Harleysville had a duty to defend its insured in the underlying state court action.  Even if the state of law was unsettled, Harleysville's duty to defend remained.  Since Harleysville had a duty to defend, it is equitable to impose prejudgment interest. <u>See</u> <u>Benevenga</u>, 737 A.2d at 700.

## IV. **CONCLUSION**

For the aforementioned reasons, Wausau's application for attorneys' fees will be granted in part and denied in part. Wausau shall file with the Court a revised motion to approve

---

[9] In <u>Alliance Elec., Inc. v. Atlantic City Bd. of Ed.</u>, 2004 WL 583211, at *17 (N.J.Super.A.D. Mar. 2, 2004), the appellate court affirmed the following reasons for awarding prejudgment interest:
> ... an award of prejudgment interest was appropriate because: (1) relatively early on in the case, another judge had ruled that the Board owed substantial amounts of money to the contractors (the amounts were confirmed in the final judgment); (2) although the case presented valid and substantial disputes between the parties, the Board took some unreasonable positions with respect to contract interpretation; (3) the Board's claim for State transportation aid never had much substance to it, and ultimately was dismissed on a motion for judgment, without being submitted to the jury; (4) the case took an extraordinary amount of time to resolve – more than six years – at extraordinary expense to those involved; and (5) although without holding a hearing he could not attribute fault for the delays, he "fe[lt] comfortable commenting that [his] impression [was] that the Board was less cooperative in moving the matter along," and, in this regard, he noted numerous pretrial motions filed by the Board.

14

attorneys' fees in compliance with the rates and hours approved in this Opinion within twenty days of the accompanying Order.

|  |  |
|---|---|
| At Camden, New Jersey | s/ Noel L. Hillman<br>NOEL L. HILLMAN, U.S.D.J. |

Dated: November 20, 2008